**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 16-1023**

DISTRICT LODGE 4 INTERNATIONAL ASSOCIATION OF MACHINISTS
AND AEROSPACE WORKERS, an unincorporated labor
organization; LOCAL LODGE 24 INTERNATIONAL ASSOCIATION OF
MACHINISTS AND AEROSPACE WORKERS, an unincorporated labor
organization,

    Plaintiffs - Appellees,

  v.

DYNCORP INTERNATIONAL LLC, a Delaware corporation,

    Defendant - Appellant.

**No. 16-1041**

DISTRICT LODGE 4 INTERNATIONAL ASSOCIATION OF MACHINISTS
AND AEROSPACE WORKERS, an unincorporated labor
organization; LOCAL LODGE 24 INTERNATIONAL ASSOCIATION OF
MACHINISTS AND AEROSPACE WORKERS, an unincorporated labor
organization,

    Plaintiffs - Appellants,

  v.

DYNCORP INTERNATIONAL LLC, a Delaware corporation,

    Defendant - Appellee.

Appeals from the United States District Court for the District
of Maryland, at Greenbelt.  J. Frederick Motz, Senior District
Judge.  (8:14-cv-03987-JFM)

Argued:  May 10, 2016                        Decided:  May 31, 2016

Before WILKINSON and AGEE, Circuit Judges, and DAVIS, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

**ARGUED:** J. Michael McGuire, SHAWE & ROSENTHAL LLP, Baltimore, Maryland, for Appellant/Cross-Appellee.  Andrew Dean Roth, BREDHOFF & KAISER, P.L.L.C., Washington, D.C., for Appellees/Cross-Appellants.  **ON BRIEF:** Elizabeth Torphy-Donzella, SHAWE & ROSENTHAL LLP, Baltimore, Maryland, for Appellant/Cross-Appellee.  Devki K. Virk, BREDHOFF & KAISER, P.L.L.C., Washington, D.C., for Appellees/Cross-Appellants.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

These cross-appeals arise from a dispute over the proper interpretation of the terms of a collective bargaining agreement (CBA) between the parties, Plaintiffs-Appellees/Cross-Appellants International Association of Machinists and Aerospace Workers, Local Lodge 24, and International Association of Machinists and Aerospace Workers, District Lodge 4 (the Unions), and Defendant-Appellant/Cross-Appellee DynCorp International LLC. When the Unions sued DynCorp to compel arbitration of a union officer's grievance over his termination, the district court ordered arbitration but denied the Unions' motion for an award of attorney's fees as a sanction for DynCorp's alleged lack of justification for its resistance to arbitration.

The cardinal facts are undisputed. DynCorp, a government military contractor, terminated the employment of Gregg French, an officer of the local union, after French responded as follows to an Air Force Contract Officer Technical Representative's request for an overdue report: "We will shit you something."* According to the Unions, that phrase refers to generating necessary paperwork. Thereafter, the Air Force Contract Officer

---

* French does not dispute saying something to this effect, but he does contend that he made this remark to a fellow DynCorp employee, not to the Air Force Contract Officer Technical Representative, as a means of informing his colleague that the requested paperwork needed to be produced.

overseeing the contract on which French was working requested French's removal from the contract. DynCorp acceded to that request and terminated French's employment.

Although the CBA between the parties generally provided for arbitration of most workplace employment disputes involving union members, the CBA contained what the parties have referred to as a "carve out" from the broad arbitration provision. As relevant here, the "carve out" provision provides as follows:

Section 7 - Security Regulations

(A)   The parties to this Agreement hereby recognize the Company's obligations in its contracts with the Government pertaining to security, security clearances, and access to Government-managed property, and agree that nothing contained in this Agreement is intended to place the Company in violation of its contracts and/or security agreements with the Government.

(B)   In the event that the U.S. Military Service or other Government Agency duly concerned with security regulations or operations on Government-managed property, advises the Company that any employee in the Union bargaining unit is restricted from access to Government-managed property, or restricted from work on or access to classified information and material, the Union agrees that such action as the Company may take pursuant to its contractual and/or security obligations to the Government will not be contested, nor will such action be a subject of the grievance procedure contained in Article III of this Agreement.

(C)   In the event that such Government Agency following the taking of such action within one year advises the Company that such an employee is no longer restricted from access to Government-managed property or restricted from work on or access to classified information and material, the Company shall promptly reinstate the employee with seniority, to the same job

4

> classification held at the time such action was taken, subject to the applicable seniority provisions of the Agreement, if he/she promptly applies for such reinstatement within fifteen (15) days.

J.A. 56. DynCorp refused to arbitrate the French grievance, based essentially on its theory that, because the Air Force Contract Officer requested French's removal in accordance with the government's rights under Dyncorp's government-contract, French's termination fell within the scope of the Section 7 "carve out." The Unions argued, to the contrary, that the "carve out" was limited to adverse employment actions that touch or concern particularized security issues of importance to the government and that French's termination did not fall within such parameters.

The parties filed cross-motions for summary judgment, and the district court agreed with the Union's construction of the CBA. The court further concluded, however, that DynCorp's resistance to arbitration under Section 7 was not so barren of legally plausible interpretive arguments that the refusal to arbitrate amounted to bad faith. Cf. United Food & Commercial Workers, Local 400 v. Marvel Poultry Co., 876 F.2d 346, 351 (4th Cir. 1989) (observing that, regarding requests for attorney's fees, challenges to arbitrability "must be considered sufficiently 'justified' . . . unless there is literally no reasonably arguable legal support for them"). Accordingly, the

5

district court denied the Unions' request for an award of attorney's fees in seeking to compel arbitration.

Having had the benefit of full briefing and oral argument, and having fully considered the parties' contentions, we affirm for the reasons stated by the district court. Int'l Ass'n of Machinists & Aerospace Workers, Local Lodge 24 v. Dyncorp Int'l LLC, No. 8:14-cv-03987-JFM, 2015 WL 9302377 (D. Md. Dec. 2, 2015).

AFFIRMED